UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JANE DOE 1 and                                          Case No.
JANE DOE 2,

      Plaintiffs,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA,

      Defendant.

_____/

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

Plaintiffs, JANE DOE 1 and JANE DOE 2, by and through undersigned counsel, hereby file this Complaint against Defendant, The School Board of Miami-Dade County, Florida and allege as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, JANE DOE 1, is over the age of 18, a resident of Miami-Dade County, Florida and otherwise *sui juris*,  Plaintiff JANE DOE 1 is identified by this pseudonym as this case involves facts of the utmost intimacy regarding sexual assault of this Plaintiff when she was a minor and JANE DOE 1 fears further psychological injury if her name is publicly disclosed.  Further, the sexual Tolliver will remain unnamed as he has been released from incarceration and may seek retaliation against her.

2. Plaintiff, JANE DOE 2, is over the age of 18, a resident of Miami-Dade County, Florida

1

and otherwise sui juris. Plaintiff JANE DOE 2 is identified by this pseudonym as this as this case involves facts of the utmost intimacy regarding sexual assault of this Plaintiff when she was a minor and JANE DOE 2 fears further psychological injury if her name is publicly disclosed.  Further, the sexual Tolliver will remain unnamed as he has been released from incarceration and may seek retaliation against her.

3. Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY (the "SCHOOL BOARD"), was and is a political subdivision of the State of Florida and Miami-Dade County.

4. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, and 20 U.S.C. §168l(a), et seq., and supplemental jurisdiction of the state law claims set forth herein pursuant to 28 U.S.C. §1367.

5. Venue of this action lies in this District pursuant to 28 U.S.C. § 1391 as the Defendant is located in this District and the events and omissions giving rise to this action occurred in this District.

6. All conditions precedent have been satisfied prior to the filing of this lawsuit.

## STATEMENT OF FACTS

7. At all times relevant to this lawsuit, JANE DOE 1 was a student in junior high school enrolled at Campbell Drive K-8 Center located at 15790 SW 307th Street, Homestead, Miami-Dade County, Florida (the "School").

8. At all times relevant to this lawsuit, JANE DOE 2 was a student in junior high school enrolled at Campbell Drive K-8 Center located at 15790 SW 307th Street, Homestead, Miami-Dade County, Florida.

9. At all times relevant to this lawsuit, Joseph Edward Tolliver ("Tolliver"), was a teacher at the School and an employee or contractor of Defendant SCHOOL BOARD.

10. At all times relevant to this lawsuit, JANE DOE 1 was placed in the care of Tolliver by Defendant SCHOOL BOARD.

11. At all times relevant to this lawsuit, JANE DOE 2 was placed in the care of Tolliver by Defendant SCHOOL BOARD.

### A. Actual Notice to School Officials of Incidents of Inappropriate Sexual Conduct and Assault of JANE DOE 1 and JANE DOE 2.

12. Upon information and belief, prior to Tolliver's sexual assault of JANE DOE 1, school officials had actual notice that Tolliver sexually assaulted female students.  The sexual assaults were severe, pervasive, and objectively improper. Nevertheless, staff and administrators at the School engaged in a pattern of ignoring or failing to reasonably respond to sexual assault and harassment allegations lodged against Tolliver.

13. Upon information and belief, prior to Tolliver's sexual assault of JANE DOE 2, school officials had actual notice that Tolliver sexually assaulted female students.  The sexual assaults were severe, pervasive, and objectively improper. Nevertheless, staff and administrators at the School engaged in a pattern of ignoring or failing to reasonably respond to sexual assault and harassment allegations lodged against Tolliver.

14. Upon information and belief, it was common knowledge amongst staff at the School, including the school resource safety officer, Ms. Greene, that Tolliver would close the door to his classroom while minor females were alone with Tolliver, but Greene only gave Tolliver admonitions concerning leaving the classroom door open.

15. Upon information and belief, when the mother of JANE DOE 1 and JANE DOE 2, Mother Doe, informally advised School Counselor Maria Vidales, an employee and/or authorized agent of the Defendant SCHOOL BOARD, regarding the Plaintiffs' allegations of sexual abuse and inappropriate conduct by Tolliver because she was a Spanish-speaking woman.  However, Counselor Vidales discouraged Mother Doe from pursuing the matter further by telling her Doe that the girls should not be believed.

16. Following the time that Mother Doe reported the incidents of sexual assault against her daughters, JANE DOE 1 and JANE DOE 2 to Counselor Vidales, the principal of the School, Principal Gutierrez, expelled the girls. At all times material hereto, Principal Gutierrez was an employee and/or agent of Defendant, SCHOOL BOARD.

17. Upon information and belief, Counselor Vidales and/or Principal Gutierrez failed to properly handle the claims of sexual assault and harassment by Tolliver against females in his care, thus allowing Tolliver to victimize more students and failing to maintain a safe environment for students, including specifically JANE DOE 1 and JANE DOE 2, who were sexually assaulted by Tolliver.

18. As a result of Defendant SCHOOL BOARD's failure to properly investigate, supervise, and protect female students in response to actual notice of sexual harassment and assault by Tolliver, Defendant needlessly endangered students, resulting in the sexual harassment assault by Tolliver against Plaintiffs, JANE DOE 1 and JANE DOE 2.

### B.  Sexual Harassment and Assault of JANE DOE 1.

19. Tolliver's pattern of sexual harassment and assault began in 2021. JANE DOE 1 was approximately 13 years old.  Tolliver was JANE DOE 1's teacher.

20. Tolliver sexually abused JANE DOE 1 daily during the 2021 – 2022 school year, until end of May 2022, on at least thirty (30) occasions.  During those incidents, Tolliver engaged in one or more of the following acts: groping her breasts, rubbing his erect penis on her body to simulate sex, kissing, masturbating, talking about the size of his penis and discussing pornographic videos with her.

21. Tolliver also provided and encouraged JANE DOE 1 to smoke marijuana and vape pens with liquid that affected her mental and physical state which may have been THC.

### C. Sexual Harassment and Assault of JANE DOE 2.

22. Tolliver's pattern of sexual harassment and assault against JANE DOE 2 began in 2021 when she was 12 years old and she was assigned to his classroom for indoor suspension (commonly referred to as "CSI") and/or detention.

23. Tolliver would close the door to his classroom and sexually abuse JANE DOE 2 on many occasions during the 2021-2022 school year, until end of May 2022.  The incidents included: hugging, kissing her on the mouth, groping her buttocks, touching her breasts and talking about the size of his penis.  Tolliver also exposed JANE DOE 2 to pornography, marijuana, and vape pens with liquid that affected her mental and physical state which may have been THC.

24. On one occasion, JANE DOE 2 skipped classes and the School principal Gutierrez tasked Tolliver with retrieving her in his car.

### D. The School's Deliberate Attempt to Cover Up Reports of Tolliver's Sexual Abuse and Indifference in Response to Actual Notice of the Abuse

25. As aforementioned, Mother Doe reported the sexual abuse claims made by her daughters,

JANE DOE 1 and JANE DOE 2, against Tolliver to School counselor Maria Vidales. Vidales recommended that the Plaintiffs record Tolliver engaged in those acts.

26. On several occasions a school security member, Ms. Green, observed Tolliver closing the door of his classroom when JANE DOE 2 was inside and warned Tolliver to leave the door open. Upon information and belief, these occasions were not reported to the School administration.

27. On at least one occasion a school security member Greene observed Tolliver touching the breast of JANE DOE 2. Upon information and belief, this behavior was not reported to the School administration.

28. Upon information and belief, School security officer Green did not report the sexual misconduct of Tolliver towards JANE DOE 2 to the School administration.

29. Mother Doe reported to School Counselor Vidales that Defendant Tolliver had provided her daughter with illegal drugs, touched her breasts, and that her daughter had become intoxicated from the drugs. Mother Doe further reported that Tolliver locked her daughter up and hid her until the effects of the drugs wore off.

30. After Mother Doe reported the incident to counselor Vidales, JANE DOE 1 and JANE DOE 2 continued to be victimized by Tolliver through further acts of sexual assault and battery.

31. After Mother Doe reported the sexual abuse the Plaintiffs endured at the hands of Tolliver, School principal Gutierrez expelled the girls, alleging JANE DOE 2 had been part of a physical altercation off campus.[1] Principal Gutierrez also warned that if either of the Plaintiffs returned to School grounds, he would call the police.

---

[1] JANE DOE 1 was not involved in the physical altercation off campus but was expelled nonetheless.

32. Upon information and belief, the claims made by the Plaintiffs were never seriously investigated. Instead, the Plaintiffs were labeled "troublemakers" by the School and, therefore, not trustworthy.

33. Upon information and belief, Tolliver was not meaningfully disciplined nor was he more closely supervised or monitored on school grounds despite the complaints regarding his sexual abuse.  The School's lack of response was clearly unreasonable in light of the known circumstances.

34. Tolliver was arrested for sexually abusing a 14-year-old student. He bailed out. After his arrest, Mother Doe reported her daughters' sexual abuse to law enforcement, and he was arrested once again for Plaintiffs' sexual abuse. The criminal case for Plaintiffs' sexual abuse is ongoing.

**COUNT I – VIOLATION OF TITLE IX EDUCATION AMENDMENTS OF 1972 – 20 U.S.C. § 1681 ET. SEQ. AGAINST THE SCHOOL BOARD PRIOR TO PLAINTIFF JANE DOE 1's SEXUAL ASSAULT BY TOLLIVER**

35. Plaintiff JANE DOE 1 re-states and re-alleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. At all relevant times, Defendant SCHOOL BOARD received Federal funding and financial assistance.

37. As a student at the School, the JANE DOE 1 had a right to not be subject to sexual harassment or assault while they attended school, much less by a teacher at the School.

38. Defendant SCHOOL BOARD, by and through its agents and representatives, had actual notice that Tolliver was sexually harassing and sexually assaulting the Plaintiff at the School. This included principal Gutierrez, counselor Vidales, and security officer Green, who failed to report and, instead, "covered up" the allegations being made against Tolliver

by the Plaintiff.

39. Because Defendant SCHOOL BOARD, by and through School employees and/or agents, had actual notice, it had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into all of the allegations of sexual harassment and sexual assault of the Plaintiff by Tolliver and institute appropriate disciplinary actions as necessary. Instead, principal Gutierrez, counselor Vidales, security officer Green, and other officials and staff members purposely ignored allegations of sexual harassment and sexual assault by Tolliver.

40. Principal Gutierrez, counselor Vidales, and other School Board officials with actual notice had authority to address the acts of sexual harassment and sexual assault of the Plaintiff by Tolliver and remove the threat of further sexual abuse of minor students at the School. Instead, no investigation, disciplinary action or corrective measures were instituted by the SCHOOL BOARD, showing deliberate indifference to the allegations being made by the Plaintiff.

41. The decision of School counselor Vidales to insist on evidence or proof of the allegations of sexual misconduct by the Plaintiff and failure to report the allegations to the School administration, and/or state and local officials were official decisions to ignore the danger of further sexual assault against the Plaintiff and to other students in the School's care.

42. The decision of School principal Gutierrez to expel the girls without any further investigation or reporting of the allegations of sexual assault by Tolliver were official decisions to ignore the danger of further sexual assault against JANE DOE 1 and to other students in the School's care, and constitute retaliatory conduct.

43. In response to actual notice that Tolliver was sexually harassing and assaulting female

students at the School, the SCHOOL BOARD could have instituted a number of corrective measures including, without limitation: (i) appropriate investigations into allegations of sexual harassment and/ or assault by Tolliver; (ii) immediate removal of Tolliver from the School pending further investigation; (iii) reporting the allegations to state and local authorities for further investigation; (iv) utilizing surveillance equipment to monitor the classrooms where detention and school indoor suspension (commonly referred to as "CSI");  (v) providing a way for possible student victims of sexual harassment or assault to confidentially speak about and report such instances; and (vi) implementing any such other measures reasonably intended or designed to protect students at the School, including Plaintiff, from being subject to sexual harassment and sexual assault. Instead, despite receipt of actual notice, the SCHOOL BOARD, its' agents, and/or its' representatives, acted with deliberate indifference by failing to institute any of the aforementioned measures.

44. Upon information and belief, after being notified of sexual abuse claims against Tolliver, the School's employees and administration did not contact the Department of Children and Families, law enforcement, the Title IX coordinator for the School Board of Miami-Dade County, Florida, nor Safe Schools pursuant to School District guidelines.

45. Upon information and belief, the School also failed to follow proper protocols pertaining to disciplinary actions against Tolliver for the sexual assault of JANE DOE 1 as stipulated in the Student Code of Conduct.

46. As a result of Defendant SCHOOL BOARD's deliberate indifference, Plaintiff was sexually harassed and sexually assaulted on additional occasions by Tolliver.

47. As a result of the abuse suffered at the hands of Tolliver, JANE DOE 1 has suffered severe

9

psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 1 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and proper.

**COUNT II – VIOLATION OF TITLE IX EDUCATION AMENDMENTS OF 1972 – 20 U.S.C. § 1681 ET. SEQ. AGAINST THE SCHOOL BOARD PRIOR TO PLAINTIFF JANE DOE 2's SEXUAL ASSAULT BY TOLLIVER**

48. Plaintiff JANE DOE 2 re-states and re-alleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

49. At all relevant times, Defendant SCHOOL BOARD received Federal funding and financial assistance.

50. As a student at the School, JANE DOE 2 had a right to not be subject to sexual harassment or assault while they attended school, much less by a teacher at the School.

51. Defendant SCHOOL BOARD, by and through its agents and representatives, had actual notice that Tolliver was sexually harassing and sexually assaulting the JANE DOE 2 at the

School. This included principal Gutierrez, counselor Vidales, and security officer Green, who failed to report and, instead, "covered up" the allegations being made against Tolliver by the Plaintiff.

52. Because Defendant SCHOOL BOARD, by and through School employees and/or agents, had actual notice, it had the responsibility to conduct a prompt, reliable, thorough, and impartial investigation into all of the allegations of sexual harassment and sexual assault of the Plaintiffs by Tolliver and institute appropriate disciplinary actions as necessary. Instead, principal Gutierrez, counselor Vidales, security officer Green, and other officials and staff members purposely ignored allegations of sexual harassment and sexual assault by Tolliver.

53. Principal Gutierrez, counselor Vidales, and other School Board officials with actual notice had authority to address the acts of sexual harassment and sexual assault of the Plaintiff by Tolliver and remove the threat of further sexual abuse of minor students at the School. Instead, no investigation, disciplinary action or corrective measures were instituted by the SCHOOL BOARD, showing deliberate indifference to the allegations being made by the Plaintiff.

54. The decision of School counselor Vidales to insist on evidence or proof of the allegations of sexual misconduct by the Plaintiffs and failure to report the allegations to the School administration, and/or state and local officials were official decisions to ignore the danger of further sexual assault against the Plaintiffs and to other students in the School's care.

55. The decision of School principal Gutierrez to expel the girls without any further investigation or reporting of the allegations of sexual assault by Tolliver were official decisions to ignore the danger of further sexual assault against the Plaintiffs and to other

students in the School's care.

56. In response to actual notice that Tolliver was sexually harassing and assaulting female students at the School, the SCHOOL BOARD could have instituted a number of corrective measures including, without limitation: (i) appropriate investigations into allegations of sexual harassment and/ or assault by Tolliver; (ii) immediate removal of Tolliver from the School pending further investigation; (iii) reporting the allegations to state and local authorities for further investigation; (iv) utilizing surveillance equipment to monitor the classrooms where detention and school indoor suspension (commonly referred to as "CSI");  (v) providing a way for possible student victims of sexual harassment or assault to confidentially speak about and report such instances; and (vi) implementing any such other measures reasonably intended or designed to protect students at the School, including Plaintiff, from being subject to sexual harassment and sexual assault. Instead, despite receipt of actual notice, the SCHOOL BOARD, its' agents, and/or its' representatives, acted with deliberate indifference by failing to institute any of the aforementioned measures.

57. Upon information and belief, after being notified of sexual abuse claims against Tolliver, the School's employees and administration did not contact the Department of Children and Families, law enforcement, the Title IX coordinator for the School Board of Miami-Dade County, Forida, nor Safe Schools pursuant to School District guidelines.

58. Upon information and belief, the School also failed to follow proper protocols pertaining to disciplinary actions against Tolliver for the sexual assault of JANE DOE 2 as stipulated in the Student Code of Conduct.

59. As a result of Defendant SCHOOL BOARD's deliberate indifference, Plaintiff was

sexually harassed and sexually assaulted on additional occasions by Tolliver.

60. As a result of the abuse suffered at the hands of Tolliver, JANE DOE 2 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 2 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, attorneys' fees pursuant to 42 U.S.C. §1988, and any other relief that this Court deems just and proper.

**COUNT III - VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ. AGAINST THE SCHOOL BOARD SUBSEQUENT TO JANE DOE 1'S SEXUAL ASSAULT BY TOLLIVER**

61. Plaintiff JANE DOE 1 readopts and realleges all of the allegations set forth in Paragraphs 1through 33 as though fully set forth herein.

62. After Mother Doe reported the sexual harassment and assault of JANE DOE 1 by Tolliver, SCHOOL BOARD failed to take reasonable steps to protect her as an alleged victim of sexual harassment and assault by its student.

63. In response to JANE DOE 1's disclosure of Tolliver's sexual harassment and assault, School Board could have instituted any of a number of corrective measures that would have eliminated or significantly reduced the possibility of deprivation of JANE DOE 1's access to educational opportunities including without limitation, (i) removal of Tolliver from the School while investigating the allegations of sexual misconduct by him; (ii) reporting the sexual assault to the Department of Children and Families, School Administration, Safe Schools and the Title IX coordinator; (iii) advising Mother Doe and JANE DOE 1 of on and off campus resources available to victims of sexual assault; (iv) providing JANE DOE 1 with counseling services; (v) implementing an individual behavioral plan while JANE DOE 1 suffered the effects of the sexual assault, such as post-traumatic stress disorder, anxiety and depression; and/or (vi) implementing any such other measures reasonably intended or designed to protect female JANE DOE 1, from Tolliver's sexual harassment and/or sexual assault, further emotional distress and deprivation of her educational rights.

64. After Mother Doe's report of Tolliver's sexual assault against JANE DOE 1, the School principal expelled JANE DOE 1 from the school rather than investigate the allegations against Tolliver. Said action confirms SCHOOL BOARD's deliberate indifference after receiving actual notice of the sexual assault against JANE DOE 1 as it evinces the School's failure to recognize JANE DOE 1's sexual assault and its common effects as a reasonable justification for missing classes.

65. After Mother Doe's report of Tolliver's sexual assault against JANE DOE 1, the School principal expelled JANE DOE 1 from the school rather than investigate the allegations against Tolliver. Said action confirms School's deliberate indifference after receiving

14

actual notice of Jane Doe's sexual assault as it evinces the school's failure to recognize Jane Doe's sexual assault and its common effects as a reasonable justification for missing classes.

66. Defendant SCHOOL BOARD's clearly unreasonable response to JANE DOE 1's allegations created an intolerably hostile and damaging environment for JANE DOE 1, and effectively barred her from access to educational opportunity or benefit from the School. Further, it exposed her and made her vulnerable to further sexual harassment by Tolliver. JANE DOE 1's harassment as a victim of sexual assault was so severe and pervasive and objectively offensive that it resulted in her being unable to do well in school or graduate her ninth-grade year.

67. As a result of the sexual harassment and sexual assault, JANE DOE 1 has suffered psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 1 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

**COUNT IV - VIOLATION OF TITLE IX, EDUCATION AMENDMENTS OF 1972 - 20 U.S.C. §1681 ET SEQ. AGAINST THE SCHOOL BOARD SUBSEQUENT TO JANE DOE 2'S SEXUAL ASSAULT BY TOLLIVER**

68. Plaintiff JANE DOE 2 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1through 34 as though fully set forth herein.

69. After JANE DOE 2 report of sexual harassment and assault by Tolliver, School Board failed to make reasonable accommodations and adjustments for JANE DOE 2 as an alleged victim of sexual harassment and assault by its student.

70. In response to Mother Does' disclosure of Tolliver's sexual harassment and assault of JANE DOE 2, Defendant SCHOOL BOARD could have instituted any of a number of corrective measures that would have eliminated or significantly reduced the possibility of deprivation of JANE DOE 2's access to educational opportunities including without limitation, (i) removal of Tolliver from the School while investigating the allegations of sexual misconduct by him; (ii) reporting the sexual assault to the Department of Children and Families, School Administration, Safe Schools and the Title IX coordinator; (iii) advising Mother Doe and JANE DOE 2 of on and off campus resources available to victims of sexual assault; (iv) providing JANE DOE 2 with counseling services; (v) implementing an individual behavioral plan while JANE DOE 2 suffered the effects of the sexual assault, such as post-traumatic stress disorder, anxiety and depression; and/or (vi) implementing any such other measures reasonably intended or designed to protect female JANE DOE 2, from Tolliver's sexual harassment and/or sexual assault, further emotional distress and deprivation of her educational rights.

16

71. After Mother Doe's report of Tolliver's sexual assault against JANE DOE 2 to school counselor Vidales, Vidales insisted that JANE DOE 2 take video recordings to support the allegations.

72. After Mother Doe's report of Tolliver's sexual assault against JANE DOE 2, the School principal expelled JANE DOE 2 from the school rather than investigate the allegations against Tolliver. Said action confirms SCHOOL BOARD's deliberate indifference after receiving actual notice of the sexual assault against JANE DOE 2 as it evinces the School's failure to recognize JANE DOE 2's sexual assault and its common effects as a reasonable justification for missing classes.

73. Defendant SCHOOL BOARD's clearly unreasonable response to JANE DOE 2's allegations created an intolerably hostile and damaging environment for JANE DOE 2, and effectively barred her from access to educational opportunity or benefit from the School. Further, it exposed her and made her vulnerable to further sexual harassment by Tolliver. JANE DOE 2's harassment as a victim of sexual assault was so severe and pervasive and objectively offensive that it resulted in her being unable to do well in school or graduate her ninth-grade year.

74. As a result of the sexual harassment and sexual assault, JANE DOE 2 has suffered psychological, emotional, and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, and costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The

injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 2 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT V - NEGLIGENCE AGAINST THE SCHOOL BOARD FOR JANE DOE 1'S SEXUAL ASSAULT BY TOLLIVER

75. Plaintiff JANE DOE 1 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

76. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

77. Defendant SCHOOL BOARD was in a special relationship with JANE DOE 1 of school-student, such that it owed a duty to protect JANE DOE 1 from foreseeable harm on school grounds. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being, and health of JANE DOE 1 when she was a minor and under Defendant's care and custody. These duties encompassed the protection and supervision of JANE DOE 1, and otherwise providing a safe environment for JANE DOE 1 while on school premises.

78. Defendant SCHOOL BOARD was in a special relationship with Tolliver of school-staff such that it had a duty to take steps to make sure that Tolliver would not physically or emotionally harm the students in its' care when he is at the School. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Tolliver.

79. SCHOOL BOARD owed JANE DOE 1 a duty to lessen the risk of sexual harassment as

Defendant's conduct created a foreseeable zone of risk. JANE DOE 1, as a student of the School, was at risk of sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment and assault by Tolliver.

80. SCHOOL BOARD had a duty in supervising Tolliver to prevent foreseeable harm to students and prevent sexual harassment and assault by male student athletes.

81. The SCHOOL BOARD was on notice that Tolliver sexually harassed and assaulted JANE DOE 1 and failed to institute any corrective measures to protect JANE DOE 1. Instead, the SCHOOL BOARD did the exact opposite, and allowed Tolliver to continue his sexual misconduct.

82. Prior to JANE DOE 1's sexual assault by Tolliver, SCHOOL BOARD in the exercise of reasonable care, should have known that Tolliver, may have posed a dangerous and a threat to the health, safety and welfare of students, including JANE DOE 1.

83. Despite SCHOOL BOARD's actual knowledge of the sexual misconduct of Tolliver, SCHOOL BOARD breached its duty to protect JANE DOE 1 by covering up the allegations by expelling JANE DOE 1 and by failing to properly investigate the allegations and remove Tolliver from the School.

84. In light of SCHOOL BOARD's actual knowledge of allegations of sexual misconduct of Tolliver and improper behavior by Tolliver in violation of School policy, JANE DOE 1's sexual harassment and assault by Tolliver was reasonably foreseeable to the SCHOOL BOARD.

85. At all relevant times, the SCHOOL BOARD had inadequate policies and procedures to protect the female students they were entrusted to care for and protect, including JANE DOE 1.

86. Prior to the sexual incidents, SCHOOL BOARD breached its duties by failing to protect the minor, JANE DOE 1, from sexual harassment and sexual assault committed upon JANE DOE 1 while she was present on school grounds, during school hours, or during school-related activities.

87. Appropriate and reasonable discipline of perpetrators deters future misconduct, which in turn protects students from victimization. Defendant SCHOOL BOARD breached its duty in failing to properly investigate allegations of sexual harassment and assault by Tolliver and failing to remove Tolliver from the School during the investigation, which essentially gave Tolliver an endorsement to continue to engage in sexual harassment and assault of JANE DOE 1. Thus, resulting in Jane Doe's sexual harassment and assault by Tolliver at the School.

88. With such knowledge, SCHOOL BOARD failed to adequately supervise the acts and conduct of Tolliver, needlessly endangering JANE DOE 1's health and safety.

89. SCHOOL BOARD breached these duties by failing to prockect JANE DOE 1 as a minor student from sexual harassment and sexual assault committed upon her while she was present on school grounds, during school hours, on the premises of the School.

90. As a direct and proximate result of School Board's breach of its duties, JANE DOE 1 was sexually harassed and sexually assaulted by Tolliver while attending the School.

91. As a result of the sexual harassment and sexual assault, JANE DOE 1 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment.

Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 1 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT VI - NEGLIGENCE AGAINST THE SCHOOL BOARD SUBSEQUENT TO JANE DOE 2'S SEXUAL ASSAULT BY TOLLIVER

92. Plaintiff JANE DOE 2 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

93. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

94. Defendant SCHOOL BOARD was in a special relationship with JANE DOE 2 of school-student, such that it owed a duty to protect JANE DOE 1 from foreseeable harm on school grounds. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being, and health of JANE DOE 2 when she was a minor and under Defendant's care and custody. These duties encompassed the protection and supervision of JANE DOE 1, and otherwise providing a safe environment for JANE DOE 2 while on school premises.

95. Defendant SCHOOL BOARD was in a special relationship with Tolliver of school-staff such that it had a duty to take steps to make sure that Tolliver would not physically or emotionally harm the students in its' care when he is at the School. Further, the School had

21

the ability to institute disciplinary measures to deter further misconduct by Tolliver.

96. SCHOOL BOARD owed JANE DOE 2 a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. JANE DOE 2, as a student of the School, was at risk of sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment and assault by Tolliver.

97. SCHOOL BOARD had a duty in supervising Tolliver to prevent foreseeable harm to students and prevent sexual harassment and assault by male student athletes.

98. The SCHOOL BOARD was on notice that Tolliver sexually harassed and assaulted JANE DOE 2 and failed to institute any corrective measures to protect JANE DOE 2. Instead, the SCHOOL BOARD did the exact opposite, and allowed Tolliver to continue his sexual misconduct.

99. Prior to JANE DOE 2's sexual assault by Tolliver, SCHOOL BOARD in the exercise of reasonable care, should have known that Tolliver, may have posed a dangerous and a threat to the health, safety and welfare of students, including JANE DOE 2.

100. Despite SCHOOL BOARD's actual knowledge of the sexual misconduct of Tolliver, SCHOOL BOARD breached its duty to protect JANE DOE 2 by covering up the allegations by expelling JANE DOE 2 and by failing to properly investigate the allegations and remove Tolliver from the School.

101. In light of SCHOOL BOARD's actual knowledge of allegations of sexual misconduct of Tolliver and improper behavior by Tolliver in violation of School policy, JANE DOE 2's sexual harassment and assault by Tolliver was reasonably foreseeable to the SCHOOL BOARD.

102. At all relevant times, the SCHOOL BOARD had inadequate policies and

procedures to protect the female students they were entrusted to care for and protect, including JANE DOE 2.

103. Prior to the sexual incidents, SCHOOL BOARD breached its duties by failing to protect the minor, JANE DOE 2, from sexual harassment and sexual assault committed upon JANE DOE 2 while she was present on school grounds, during school hours, or during school-related activities.

104. Appropriate and reasonable discipline of perpetrators deters future misconduct, which in turn protects students from victimization. Defendant SCHOOL BOARD breached its duty in failing to properly investigate allegations of sexual harassment and assault by Tolliver and failing to remove Tolliver from the School during the investigation, which essentially gave Tolliver an endorsement to continue to engage in sexual harassment and assault of JANE DOE 2. Thus, resulting in Jane Doe's sexual harassment and assault by Tolliver at the School.

105. With such knowledge, SCHOOL BOARD failed to adequately supervise the acts and conduct of Tolliver, needlessly endangering JANE DOE 2's health and safety.

106. SCHOOL BOARD breached these duties by failing to protect JANE DOE 2 as a minor student from sexual harassment and sexual assault committed upon her while she was present on school grounds, during school hours, on the premises of the School.

107. As a direct and proximate result of School Board's breach of its duties, JANE DOE 2 was sexually harassed and sexually assaulted by Tolliver while attending the School.

108. As a result of the sexual harassment and sexual assault, JANE DOE 2 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity

for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 2 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT VII - NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO JANE DOE 1'S SEXUAL ASSAULT BY TOLLIVER

109. Plaintiff JANE DOE 1 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

110. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

111. Defendant SCHOOL BOARD was in a special relationship with JANE DOE 1 of school-student, such that it owed a duty to protect JANE DOE 1 from foreseeable harm on school grounds. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being, and health of JANE DOE 1 when she was a minor and under Defendant's care and custody. These duties encompassed the protection and supervision of JANE DOE 1, and otherwise providing a safe environment for JANE DOE 1 while on school premises.

112. Defendant SCHOOL BOARD was in a special relationship with Tolliver of school-staff such that it had a duty to take steps to make sure that Tolliver would not physically or emotionally

24

harm the students in its' care when he is at the School. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Tolliver.

113.     SCHOOL BOARD owed JANE DOE 1 a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. JANE DOE 1, as a student of the School, was at risk of sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment and assault by Tolliver.

114.     SCHOOL BOARD had a duty in supervising Tolliver to prevent foreseeable harm to students and prevent sexual harassment and assault by male student athletes.

115.     The SCHOOL BOARD was on notice that Tolliver sexually harassed and assaulted JANE DOE 1 and failed to institute any corrective measures to protect JANE DOE 1. Instead, the SCHOOL BOARD did the exact opposite and allowed Tolliver to continue his sexual misconduct.

116.     Prior to JANE DOE 1's sexual assault by Tolliver, SCHOOL BOARD in the exercise of reasonable care, should have known that Tolliver, may have posed a dangerous and a threat to the health, safety and welfare of students, including JANE DOE 1.

117.     Despite SCHOOL BOARD's actual knowledge of the sexual misconduct of Tolliver, SCHOOL BOARD breached its duty to protect JANE DOE 1 by covering up the allegations by expelling JANE DOE 1 and by failing to properly investigate the allegations and remove Tolliver from the School.

118.     In light of SCHOOL BOARD's actual knowledge of allegations of sexual misconduct of Tolliver and improper behavior by Tolliver in violation of School policy, JANE DOE 1's sexual harassment and assault by Tolliver was reasonably foreseeable to the SCHOOL BOARD.

119.     At all relevant times, the SCHOOL BOARD had inadequate policies and procedures to protect the female students they were entrusted to care for and protect, including JANE DOE 1.

120.     Prior to the sexual incidents, SCHOOL BOARD breached its duties by failing to protect the minor, JANE DOE 1, from sexual harassment and sexual assault committed upon JANE DOE 1 while she was present on school grounds, during school hours, or during school-related activities.

25

121. Appropriate and reasonable discipline of perpetrators deters future misconduct, which in turn protects students from victimization. Defendant SCHOOL BOARD breached its duty in failing to properly investigate allegations of sexual harassment and assault by Tolliver and failing to remove Tolliver from the School during the investigation, which essentially gave Tolliver an endorsement to continue to engage in sexual harassment and assault of JANE DOE 1. Thus, resulting in Jane Doe's sexual harassment and assault by Tolliver at the School.

122. With such knowledge, SCHOOL BOARD failed to adequately supervise the acts and conduct of Tolliver, needlessly endangering JANE DOE 1's health and safety.

123. SCHOOL BOARD breached these duties by failing to protect JANE DOE 1 as a minor student from sexual harassment and sexual assault committed upon her while she was present on school grounds, during school hours, on the premises of the School.

124. As a direct and proximate result of School Board's breach of its duties, JANE DOE 1 was sexually harassed and sexually assaulted by Tolliver while attending the School.

125. As a result of the sexual harassment and sexual assault, JANE DOE 1 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 1 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

## COUNT VIII - NEGLIGENCE AGAINST THE SCHOOL BOARD PRIOR TO JANE DOE 2'S SEXUAL ASSAULT BY TOLLIVER

126.     Plaintiff JANE DOE 2 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

127.     All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

128.     Defendant SCHOOL BOARD was in a special relationship with JANE DOE 2 of school-student, such that it owed a duty to protect JANE DOE 2 from foreseeable harm on school grounds. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being, and health of JANE DOE 2 when she was a minor and under Defendant's care and custody. These duties encompassed the protection and supervision of JANE DOE 2, and otherwise providing a safe environment for JANE DOE 2 while on school premises.

129.     Defendant SCHOOL BOARD was in a special relationship with Tolliver of school-staff such that it had a duty to take steps to make sure that Tolliver would not physically or emotionally harm the students in its' care when he is at the School. Further, the School had the ability to institute disciplinary measures to deter further misconduct by Tolliver.

130.     SCHOOL BOARD owed JANE DOE 2 a duty to lessen the risk of sexual harassment as Defendant's conduct created a foreseeable zone of risk. JANE DOE 2, as a student of the School, was at risk of sexual harassment and assault due to the school's deliberate indifference toward allegations of sexual harassment and assault by Tolliver.

131.     SCHOOL BOARD had a duty in supervising Tolliver to prevent foreseeable harm to students and prevent sexual harassment and assault by male student athletes.

132.     The SCHOOL BOARD was on notice that Tolliver sexually harassed and assaulted JANE DOE 2 and failed to institute any corrective measures to protect JANE DOE 2. Instead, the SCHOOL BOARD did the exact opposite and allowed Tolliver to continue his sexual misconduct.

133.     Prior to JANE DOE 2's sexual assault by Tolliver, SCHOOL BOARD in the exercise of reasonable care, should have known that Tolliver, may have posed a dangerous and a threat to the health, safety and welfare of students, including JANE DOE 2.

134.     Despite SCHOOL BOARD's actual knowledge of the sexual misconduct of Tolliver, SCHOOL BOARD breached its duty to protect JANE DOE 2 by covering up the allegations by expelling JANE DOE 2 and by failing to properly investigate the allegations and remove Tolliver from the School.

135.     In light of SCHOOL BOARD's actual knowledge of allegations of sexual misconduct of Tolliver and improper behavior by Tolliver in violation of School policy, JANE DOE 2's sexual harassment and assault by Tolliver was reasonably foreseeable to the SCHOOL BOARD.

136.     At all relevant times, the SCHOOL BOARD had inadequate policies and procedures to protect the female students they were entrusted to care for and protect, including JANE DOE 2.

137.     Prior to the sexual incidents, SCHOOL BOARD breached its duties by failing to protect the minor, JANE DOE 2, from sexual harassment and sexual assault committed upon JANE DOE 2 while she was present on school grounds, during school hours, or during school-related activities.

138.     Appropriate and reasonable discipline of perpetrators deters future misconduct, which in turn protects students from victimization. Defendant SCHOOL BOARD breached its duty in failing to properly investigate allegations of sexual harassment and assault by Tolliver and failing to remove Tolliver from the School during the investigation, which essentially gave Tolliver an endorsement to continue to engage in sexual harassment and assault of JANE DOE 2. Thus, resulting in Jane Doe's sexual harassment and assault by Tolliver at the School.

139.     With such knowledge, SCHOOL BOARD failed to adequately supervise the acts and conduct of Tolliver, needlessly endangering JANE DOE 2's health and safety.

140.     SCHOOL BOARD breached these duties by failing to protect JANE DOE 2 as a minor student from sexual harassment and sexual assault committed upon her while she was present on school grounds, during school hours, on the premises of the School.

28

141. As a direct and proximate result of School Board's breach of its duties, JANE DOE 2 was sexually harassed and sexually assaulted by Tolliver while attending the School.

142. As a result of the sexual harassment and sexual assault, JANE DOE 2 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 2 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT IX - NEGLIGENCE AGAINST THE SCHOOL BOARD SUBSEQUENT TO JANE DOE 1'S SEXUAL ASSAULT BY TOLLIVER

143. JANE DOE 1 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

144. All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

145. Defendant was in a special relationship with JANE DOE 1 of school-student, such that it owed a duty to protect Jane Doe from foreseeable harm on school grounds and during school-related activities. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being and health of the minor JANE DOE 1 while she

was under its care and custody. These duties encompassed the protection and supervision of JANE DOE 1 and otherwise providing a safe environment for JANE DOE 1 while on school premises.

146. Defendant SCHOOL BOARD breached its duty to Jane Doe when it failed to provide JANE DOE 1 with a safe environment after Mother Doe disclosed Tolliver's sexual harassment and assault. Defendant failed to institute any protective or corrective measures after JANE DOE 1's disclosure. Defendant failed to accommodate or offer resources or services to JANE DOE 1 as a victim of sexual harassment and assault, resulting in JANE DOE 1 experiencing constant anxiety and depriving her of an education.

147. After Tolliver's sexual assault, JANE DOE 1's reasonable fear of retaliation, symptoms of depression, panic attacks, anxiety and post-traumatic stress disorder were reasonably foreseeable to Defendant SCHOOL BOARD.

148. Defendant SCHOOL BOARD breached its duties by failing to reasonably protect JANE DOE 1 from Tolliver after Mother Doe advised the School of alleged sexual misconduct by Tolliver against her daughter, JANE DOE 1, causing her to be further victimized while on school property. JANE DOE 1 was subject to repeated on-campus encounters with Tolliver of a sexual nature.

149. As a result of the sexual harassment and sexual assault, JANE DOE 1 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical

defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff, JANE DOE 1, will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 1 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

### COUNT X - NEGLIGENCE AGAINST THE SCHOOL BOARD SUBSEQUENT TO JANE DOE 2'S SEXUAL ASSAULT BY TOLLIVER

150.    JANE DOE 2 re-adopts and re-alleges all of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

151.    All conditions precedent to the bringing of this cause of action have been satisfied or waived, including the notice required by Florida Statute §768.28.

152.    Defendant was in a special relationship with JANE DOE 2 of school-student, such that it owed a duty to protect Jane Doe from foreseeable harm on school grounds and during school-related activities. At all material times, Defendant owed a duty to use reasonable care to protect the safety, care, well-being and health of the minor JANE DOE 2 while she was under its care and custody. These duties encompassed the protection and supervision of JANE DOE 2 and otherwise providing a safe environment for JANE DOE 2 while on school premises.

153.    Defendant SCHOOL BOARD breached its duty to Jane Doe when it failed to provide JANE DOE 2 with a safe environment after Mother Doe disclosed Tolliver's sexual harassment and assault. Defendant failed to institute any protective or corrective measures after JANE DOE 2's disclosure. Defendant failed to accommodate or offer

resources or services to JANE DOE 2 as a victim of sexual harassment and assault, resulting in JANE DOE 2 experiencing constant anxiety and depriving her of an education.

154. After Tolliver's sexual assault, JANE DOE 2's reasonable fear of retaliation, symptoms of depression, panic attacks, anxiety and post-traumatic stress disorder were reasonably foreseeable to Defendant SCHOOL BOARD.

155. Defendant SCHOOL BOARD breached its duties by failing to reasonably protect JANE DOE 2 from Tolliver after Mother Doe advised the School of alleged sexual misconduct by Tolliver against her daughter, JANE DOE 2, causing her to be further victimized while on school property. JANE DOE 2 was subject to repeated on-campus encounters with Tolliver of a sexual nature.

156. As a result of the sexual harassment and sexual assault, JANE DOE 2 has suffered severe psychological, emotional and physical injuries, and emotional distress arising out of the physical injuries, pain and suffering, mental anguish, inconvenience, loss of capacity for the enjoyment of life, inability to lead a normal life, shame, humiliation and regression, loss of future income, costs associated with medical/psychological care and treatment. Alternatively, Plaintiff sustained an aggravation of an existing disease or mental or physical defect or activation of a latent condition and the same losses associated with such. The injuries and damages are permanent and continuing in nature and the Plaintiff, JANE DOE 2, will suffer such losses in the future.

WHEREFORE, Plaintiff JANE DOE 2 respectfully requests that this Court enter judgment against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, and award all damages including compensatory damages and special damages, costs, interest, and any other relief that this Court deems just and proper.

32

Dated this April 30, 2026.

Respectfully submitted,


   */s/ Krisel McSweeney*

Krisel McSweeney, Esq.
Florida Bar No. 0112637
McSweeney Law Firm
5550 Glades Road, Suite 500
Boca Raton, FL 33431
800-540-0668
Fax: 561-961-5191
kmcsweeney@mcsweeneylawfirm.com
*Counsel for Plaintiff*